CULPEPPER, Judge
(concurring in part and dissenting in part).
I concur with the majority opinion that the evidence in this case shows plaintiff was still disabled at the time of the trial. Plaintiff’s eye was injured on September 28, 1960, and because of complications finally had to be removed on February 23, 1961, which was approximately four months before the date of the trial of this matter on June 14, 1961. Plaintiff testified that although, by the date of the trial, he had begun to drive his car around the small town of Port Barre, in which he lived, and that on three or four occasions, in an emergency, he had driven to Opelousas to see the doctor, he had to avoid traffic and could not drive at night because of his decreased range of vision impaired depth perception. Dr. Harmon testified that when a person loses one of his eyes, he has to learn to perceive depth with his remaining eye but that normally this learning process will not take more than one year. Dr. Harmon stated that with corrective glasses, plaintiff had perfect vision in his remaining eye and he was of the opinion that within the period of one year, from the date the injured eye was removed, plaintiff would recover sufficient depth perception to be able to safely drive an automobile. It is true the portion of Dr. Harmon’s testimony quoted in the majority opinion states that it is “possible” plaintiff will not regain depth perception, but this witness clearly states, in other portions of his testimony, that usually people who lose an eye do regain such perception within one year.
Since Dr Harmon, the only expert medical witness who testified, was of the opinion plaintiff will be able to drive safely within one year, the period of disability from the date of the accident will be approximately 78 weeks. There is no conflicting medical opinion that plaintiff will be permanently disabled from driving an automobile. In my opinion, the mere statement by Dr. Harmon that it is “possible” plaintiff will not be able to drive within a year, when considered in the light of the remainder of his testimony, does not create such uncertainty as to his period of recovery that judgment should be allowed for permanent and total disability. Since the period of disability shown by the evidence is reasonably certain to be considerably less than 300 weeks, it is my opinion benefits should be awarded during disability for a period of not exceeding 300 weeks, as in the case of temporary total disability, subject, of course, to the employer’s right to reopen the matter for trial under the provisions of LSÁ-R.S. 23:1331. Guillory v. Southern Farm Bureau Cas. Ins. Co., *806 237 La. 374, 111 So.2d 314; LSA-R.S. 23:-1221(1); Malone’s Louisiana Workmen’s Compensation Law and Practice, Sec. 280. Of course, plaintiff’s recovery can in no event be for less than 100 weeks as provided in the schedule for loss of an eye under LSA-R.S. 23:1221.